IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRANDON M. ODEN, #280 023, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:13-CV-388-TMH |
| ) | [WO] |
| COMMISSIONER KIM THOMAS, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate confined at the Elmore Correctional Facility located in Elmore, Alabama, files this 42 U.S.C. § 1983 action against Commissioner Kim Thomas, Warden Leeposey Daniels, Captain Charles McKee, and fellow inmates Ward and Montgomery. Plaintiff seeks injunctive relief with respect to his allegation of a denial of access to courts. Upon review of the complaint, the court concludes that Plaintiff's conspiracy claim against the named defendants as well as his complaint against Defendants Ward and Montgomery are due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**I. DISCUSSION**

*A. Defendants Ward and Montgomery*

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process, regardless of the payment of a filing fee, if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Defendants Ward and Montgomery, inmates in the custody of the Alabama Department of Corrections, are not state actors. An essential element of a complaint filed pursuant to 42 U.S.C. § 1983 is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). Like the state action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky,* 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50. Consequently, "state action requires **both** an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' **and** that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id*.

There is no indication in the instant complaint that Defendants Ward and Montgomery are state actors, nor does the complaint allege that any actions taken by them can in any way be attributed to the State. The court, therefore, concludes that Plaintiff's complaint against

Ward and Montgomery is frivolous as they are not state actors and, thus, they are subject to dismissal as parties to the complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

*B. The Conspiracy Claim*

With regard to Plaintiff's contention that Defendants conspired to violate his constitutional right of access to courts and/or that Defendants Ward and Montgomery acted in concert with state correctional officials in this regard, thereby making them state actors, entitles him to no relief. In order to establish a § 1983 conspiracy, "a plaintiff must show among other things, that Defendants 'reached an understanding to violate [his] rights.' " *Rowe v. Fort Lauderdale,* 279 F.3d 1271, 1283 (11th Cir. 2002) (citation omitted) (brackets in original). This requires that Plaintiff provide more than a label or a conclusion. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 556)). Plaintiff cannot rely on subjective suspicions and unsupported speculation but must provide sufficient facts to show that an agreement was made. *Id.* at 556. In addition to pleading facts to show that an agreement was reached to deny Plaintiff's rights, an "underlying actual denial of [his] constitutional rights" must be shown. *Hadley v. Gutierrez,* 526 F.3d 1324,

1332 (11th Cir. 2008).

The court has carefully reviewed Plaintiff's claim of conspiracy. At best, his assertions are self serving, conclusory allegations that not only fail to assert those material facts necessary to establish a conspiracy by the defendant state actors but also between the defendant state actors and Defendants Ward and Montgomery such that Defendants Ward and Montgomery are transformed into state actors. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy between private individuals and state actors, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing contacts between private persons and state actors which could prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). Plaintiff alleges no facts suggesting a conspiracy or an agreement other than contending that Defendants had a common goal, scheme, or purpose to violate his constitutional right of access to courts. Such allegations do not allow the court to draw the conclusion that a conspiracy claim is plausible. *Iqbal,* 129 S.Ct. at 1949. *See Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) (holding that a conspiracy allegation that is vague and conclusory fails to state a claim upon which relief can be granted and is subject to dismissal). Accordingly, the court concludes that Plaintiff's civil conspiracy claim against the named defendants is due to be dismissed as it is insufficient to support a claim for relief

4

under 42 U.S.C. § 1983. *Iqbal*, 129 S.Ct. 1949; *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's § 1983 conspiracy claim against the named Defendants be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  Plaintiff's complaint against Defendants Ward and Montgomery be DISMISSED with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

3.   Defendants Ward and Montgomery be DISMISSED as parties to the complaint;

4.   This case with respect to the remaining defendants be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before **July 31, 2013,** Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 17th day of July, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE